**FUK TEK TEH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73302.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 11, 2010.

Houman Varzandeh, VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James A. Hurley, OIL, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Fuk Tek Teh, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir.2008). We dismiss in part and deny in part the petition for review.

Teh contends he qualifies for the extraordinary circumstances exception to the one year asylum deadline and he applied within a reasonable period of the alleged extraordinary circumstances. Teh also contends the IJ applied the wrong legal standard when analyzing his CAT claim. We lack jurisdiction to review these con-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tentions because Teh failed to exhaust them before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

Substantial evidence supports the agency's finding that Teh did not suffer past persecution because the discrimination at school and the robbery, considered individually or cumulatively, did not constitute persecution. *See Wakkary v. Holder,* 558 F.3d 1049, 1059–60 (9th Cir.2009). Even as a member of a disfavored group, Teh failed to demonstrate the requisite individualized risk of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2004); *see also Wakkary,* 558 F.3d at 1065 ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail"). Further, the record does not compel the conclusion that there is a pattern or practice of persecution against Chinese and Christians in Indonesia. *See Wakkary,* 558 F.3d at 1067–68. Accordingly, his withholding of removal claim fails.

Finally, substantial evidence supports the BIA's conclusion that Teh failed to establish it is more likely than not he will be tortured if returned to Indonesia. *See id.* at 1067–68. Accordingly, Teh's CAT claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.